IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER THORNHILL,

    Plaintiff,

v.

ETHICON, INC., et al.,

    Defendants.

Case No. 24-2077-DDC-ADM

## ORDER

This matter comes before the court on the parties' Joint Motion to Amend the Scheduling Order. (ECF 57.) By way of this motion, the parties generally seek a 60-day extension of discovery and remaining deadlines, other than trial. Because the parties have not demonstrated good cause for the extension, the motion is denied.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This good-cause standard requires the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness). The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Id.* at 988. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The parties state that "due to scheduling conflicts between the counsel for the Parties and one of the expert witnesses, who is not available for his deposition until Sunday, December 8, 2024, the Parties are unable to complete expert depositions by the current discovery deadline of

November 15, 2024." (ECF 57, at 1-2.) The expert's schedule does not provide good cause for the requested extension. Experts are expected to make themselves available to meet court-ordered deadlines. If they do not do so, a party can set the deposition on five days' notice. *See* District of Kansas Deposition Guidelines, para 3. In addition, although the parties make the conclusory statement that they "have been diligent in their efforts to set depositions of their expert witnesses," they set forth no facts to support this statement. (ECF 57, at 1.) The parties' motion is therefore denied.

The parties are free, however, to stipulate to conduct discovery beyond the discovery deadline, so long as ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. *See Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline). Pursuant to the practice of presiding District Judge Daniel D. Crabtree, motions challenging the admissibility of expert testimony are not due until 42 days before trial, unless the challenge affects a matter on summary judgment (in which case the motion deadline is January 24, 2025—the same deadline as for dispositive motions). Finally, the court notes that although the parties suggest that the requested extension would not interfere with the trial date, they are mistaken. Judge Crabtree's practice is to allow at least eight months between the dispositive-motion deadline and the trial date so as to ensure adequate time for the motion(s) to be briefed and a decision issued at least 6 weeks before trial. Thus, most extensions of the dispositive-motion deadline lead to an equivalent extension of the trial date.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Amend the Scheduling Order (ECF 57) is denied.

**IT IS SO ORDERED.**

Dated November 4, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
